UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE CLARK,

Plaintiff,

v.

SANCHEZ, et al,

Defendants.

No. 1:26-cv-04084-JLT-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF No. 10)

THIRTY-DAY DEADLINE

Plaintiff Thomas Eugene Clark is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). He alleges that Defendants were negligent and failed to protect him from slipping and falling while escorting him post-surgery.

On June 18, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims. (ECF No. 10). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that he wished to stand on his complaint. (*Id.* at 1-2). Additionally, the Court warned Plaintiff that, if he chose to stand on his complaint, the Court would issue findings and recommendations to the district judge assigned to the case, recommending that Plaintiff's complaint be dismissed for the reasons set forth in this order. The Court also warned Plaintiff that if he failed to file anything, the Court would recommend that the case be dismissed. (*Id.* at 2).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLAINTIFF'S COMPLAINT[1]

Plaintiff sues correctional officers J. Sanchez and J. Castenada[2] and alleges two claims that occurred at the Substance Abuse Treatment Facility ("SATF") located in Corcoran, CA on March 12, 2025. (ECF No. 1 at 7).

In his first claim, Plaintiff states defendants acted negligently when he slipped and fell while being escorted to a transportation vehicle following eye surgery. Plaintiff states he was heavily medicated, shackled and was not provided with a wheelchair or physical support, even though "[d]efendants knew Plaintiff was medicated and unstable." (ECF No. 1 at 7, 8). Plaintiff claims he suffered a "busted lip, broke denture, scraped his nose and knee." (*Id.* at 8)

In his second claim, Plaintiff states that defendants failed to protect him following the eye

---

[1] For readability, minor alterations, like omitting capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] Plaintiff names these two individuals as defendants, however in his complaint he states: "Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names." (ECF No 1. at 7).

surgery and that defendants' conduct was "willful and deliberate, or in reckless disregard of Plaintiff's rights and constitutes malice and oppression such that Plaintiff is entitled to exemplary and punitive damage under California Law and Federal Law." (*Id.* at 9).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also*

*Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**b. Failure to Protect**

Plaintiff's complaint asserts an Eighth Amendment claim based on an alleged failure to protect him from falling.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . .. " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Farmer,* 511 U.S. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, ... cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Plaintiff's complaint fails to state a claim under these legal standards. Plaintiff fails to allege facts that demonstrate that any individual acted with deliberate indifference to his safety because he or she knew of an excessive risk to his safety and disregarded that risk by failing to take reasonable measures to abate it. Plaintiff does not allege anything any defendant said or did that indicated that they were aware of a serious risk of harm to Plaintiff. On the contrary, Plaintiff's complaint alleges that Defendants were negligent in their actions to escort him safely. However, neither negligence nor gross negligence constitute a constitutional Eighth Amendment violation. *Farmer,* 511 U.S. at 835-36 & n4.

**c. Negligence**

Plaintiff's complaint also asserts a negligence claim under California Law against Defendants for failing to exercise reasonable care while escorting Plaintiff to the transportation vehicle. (ECF No. 1 at 8).

Although a federal court may exercise supplemental jurisdiction over state law claims, a court may do so only if the case also includes a federal claim that provides the court with original federal jurisdiction. *See* 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (noting that § 1367(a)'s "plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it").

As discussed above, the complaint does not allege a cognizable federal claim; accordingly, the Court lacks original federal jurisdiction. Without original federal jurisdiction, the Court does not have supplemental jurisdiction over Plaintiff's state negligence claim.

Additionally, California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.

*Bodde*, 32 Cal.4th at 1243.

Plaintiff's complaint does not clearly state that he complied with the Government Claims Act. Plaintiff's complaint states "Plaintiff presented a claim to the California Government Claims Program on __________," but the space for entering a date has been left blank. (ECF No. 1 at 8).

## IV. FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.)* (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.)* (citing *Yourish,* 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible

dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.)*

After weighing the factors, the Court finds that dismissal is appropriate.

## V. CONCLUSION AND ORDER

Accordingly, based on the foregoing, it is **RECOMMENDED** that:

1. This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 5, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE