UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS EUGENE CLARK,<br>Plaintiff,<br>v.<br>SANCHEZ, et al.,<br>Defendants. | Case No. 1:26-cv-04084-JLT-EPG (PC)<br><br>SCREENING ORDER ALLOWING PLAINTIFF TO PROCEED ON HIS CLAIM OF FAILURE TO PROTECT IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANTS SANCHEZ AND CASTENADA<br><br>(ECF No. 12) |

## I. INTRODUCTION

Plaintiff Thomas Eugene Clark is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). He alleges that Defendants failed to protect him from slipping and falling while escorting him post-surgery.

On June 18, 2026, the Court screened Plaintiff's original complaint, found that it failed to state any cognizable claims, explained the relevant standards, and gave leave to amend. (ECF. 10).

Plaintiff filed a first amended complaint on August 6, 2026, which alleges that defendants Sanchez and Castenada were aware that he was "medicated, groggy, and unstable on his feet," yet failed to provide any support for Plaintiff to walk and, a result, Plaintiff slipped and fell. (*See* ECF No. 12).

The amended complaint is now before the Court for screening. Upon review, the Court finds that Plaintiff's Eighth Amendment failure to protect claim against Defendants Sanchez and Castenada should proceed past screening.

As the Court has found that all of Plaintiff's claims in the First Amended Complaint should proceed past screening, the Court will, in due course, issue an order authorizing service of process on Sanchez and Castenada.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

Plaintiff sues correctional officers J. Sanchez and J. Castenada and alleges the incident detailed in his amended complaint[2] occurred at the Substance Abuse Treatment Facility ("SATF") located in Corcoran, CA. (ECF No. 12 at 6).

In his only claim, Plaintiff states defendants were explicitly informed by medical staff and "could visibility observe" Plaintiff was medicated, groggy, and unstable on his feet following surgery. (*Id.*). Plaintiff states that even with this information, defendants opted to place him in heavy shackle restraints, including waist chains, and did not provide him any assistance, such as a wheelchair, walking aid, or physical support. (*Id.*). Plaintiff slipped and

[1] For readability, minor alterations, like omitting capitalization, have been made to some of Plaintiff's quotations without indicating each change.
[2] Plaintiff's amended complaint fails to identify a date when the incident took place.

fell, suffering a "busted lip, a broken denture, scraped nose and severely scraped/injured knee." (*Id.*)

For relief, Plaintiff seeks compensatory and punitive damages, among other things. (*Id.* at 9).

**IV. ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT**

**a. Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others

to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**b. Failure to Protect**

Plaintiff's complaint asserts an Eighth Amendment claim based on an alleged failure to protect him from falling.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . . " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Farmer,* 511 U.S. at 835-36 & n4. An "official's failure to alleviate a significant risk that he

should have perceived but did not, ... cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Liberally construing the allegations for the purposes of screening, the Court finds Plaintiff's first amended complaint has sufficiently stated a claim of failure to protect in violation of the Eighth Amendment against defendants Sanchez and Castenada. Plaintiff alleges that defendants Sanchez and Castenada were made explicitly aware by medical staff that Plaintiff was recently in surgery and still heavily medicated. However, despite this knowledge, Defendants did not provide Plaintiff with any form of assistance in walking, whether that be physical or mechanical. Thus, according to the allegations, Sanchez and Castenada were aware of facts from which an inference could be drawn that Plaintiff faced a substantial risk of slipping and falling because of his medicated state and defendants failed to take reasonable measures to abate such a risk. As a result, Plaintiff fell and suffered injuries, including a broken set of dentures.

Based on these allegations, the Court finds that Plaintiff's claim for failure to protect against Defendants Sanchez and Catenada may proceed past screening.

## V. CONCLUSION AND ORDER

The Court has screened Plaintiff's First Amended Complaint and finds that Plaintiff's Eighth Amendment failure to protect claim against Sanchez and Castenada should proceed past screening.

As the Court has found that all of Plaintiff's claims should proceed past screening, the Court will, in due course, issue an order authorizing service of process on J. Sanchez and J. Castenada.

IT IS SO ORDERED.

Dated: **August 7, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE